IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION


CLEAR L. KING,

        Plaintiff,

v.                                    No. 07-1165

BUTLER MANUFACTURING COMPANY,
and HAMILTON RYKER, INC.,

        Defendant.

_____

ORDER DENYING PLAINTIFF'S MOTION
TO SERVE ADDITIONAL INTERROGATORIES
_____

The pro se Plaintiff, Clear King, brought the instant employment discrimination lawsuit

against the Defendants, Butler Manufacturing Company ("Butler") and Hamilton Ryker, Inc.

("Hamilton Ryker") pursuant to Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq.

Before the Court is a motion filed by the Plaintiff, which, while not a model of clarity, appears to

request leave of the Court to serve more than twenty-five written interrogatories. (See D.E. No. 51,

Pl.'s Proposed Order ("Plaintiff Clear L. King Motion to submit interrogatories excess of twenty-

five (25) is GRANTED.").)    Both Defendants have responded and this motion is now ripe for

disposition.

Rule 33(a)(1) of the Federal Rules of Civil Procedure provides that "[u]nless otherwise

stipulated or ordered by the court, a party may serve on any other party no more than 25 written

interrogatories . . . . Leave to serve additional interrogatories may be granted to the extent consistent

with Rule 26(b)(2)." Under Rule 26(b)(2)(A), a court is permitted alter the limits on the number of

interrogatories. Fed. R. Civ. P. 26(b)(2)(A). However, subsection (b)(2)(C) of Rule 26 requires that discovery be limited if a court determines that 1) the requested discovery is unreasonably cumulative or duplicative, 2) the party seeking discovery has had ample opportunity to obtain the information sought, or 3) the burden or expense outweighs the likely benefit. Fed. R. Civ. P. 26(b)(2)(C). In addition, several district courts, including one in the Sixth Circuit, have held that the party seeking leave must make a particularized showing why the additional discovery is necessary. See e.g., New River Dry Dock, Inc. v. Falls at Marina Bay, L.P., No. 08-60216-CIV, 2008 WL 2620727, at *5 (S.D. Fla. June 30, 2008); Burket v. Hyman Lippitt, P.C., Nos. 05-72110, 05-72171, 05-72221, 2007 WL 3124637, at *3 (E.D. Mich. Oct. 23, 2007) (citation omitted); Duncan v. Paragon Publ'g, Inc., 204 F.R.D. 127, 128 (S.D. Ind. 2001); Archer Daniels Midland Co. v. Aon Risk Servs., Inc. of Minn., 187 F.R.D. 578, 586 (D. Minn. 1999).

In this case, the Plaintiff has given the Court no reason for why he requires additional interrogatories. King only states that he should be granted "[l]eave of Court in plaintiff early discovery to the Interrogatories base on evidence in custody of plaintiff . . ." (D.E. No. 51, Mem. in Supp., at 3.) Thus, the Court cannot determine whether further interrogatories are necessary or whether they would impose an undue burden on the Defendants under Rule 26(b)(2)(C) of the Federal Rules of Civil Procedure. Accordingly, the motion is DENIED.

IT IS SO ORDERED this 30th of July, 2008.

s/ J. DANIEL BREEN
UNITED STATES DISTRICT JUDGE